### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON | ) | |
| F/K/A THE BANK OF NEW YORK AS | ) | |
| SUCCESSOR IN INTEREST TO | ) | |
| MORGAN CHASE BANK, N.A., AS | ) | |
| TRUSTEE FOR THE BENEFIT OF | ) | |
| THE CERTIFICATEHOLDERS OF | ) | 12 C 5952 |
| EQUITY ONE ABS, INC. MORTGAGE | ) | |
| PASS-THROUGH CERTIFICATES | ) | |
| SERIES 2003-4 | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SERGIO E. ESTRADA, MARIA L. | ) | |
| GUZMAN, FORD MOTOR CREDIT | ) | |
| COMPANY, LLC, JPMORGAN CHASE | ) | |
| BANK, N.A., RUSH-COPLEY | ) | **Judge John Z. Lee** |
| MEDICAL CENTER, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Bank of New York Mellon ("BNY Mellon") filed a complaint to foreclose the

mortgage of Defendants Sergio E. Estrada and Maria L. Guzman. Estrada answered. Now,

BNY Mellon moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure

("Rule") 12(c) and for appointment of a special commissioner. For the reasons stated herein, the

Court denies Plaintiff's motions.

### Facts

On July 22, 2003, Defendants Estrada and Guzman borrowed $137,000.00 and signed a

mortgage and note for a house at 430 Park Street, Batavia, Illinois. (Compl., Ex. 3, Mortgage, 1-

2.) The note provided that Estrada and Guzman would make monthly payments of $966.38 until

August 1, 2018, at which time they would pay any amounts they still owed on the loan. (Compl., Ex. 4, Balloon Note 1.) Beginning in January 2012, Estrada and Guzman stopped making monthly payments. (Compl. ¶ l0j.)

On July 27, 2012, BNY Mellon filed a complaint to foreclosure the mortgage because Estrada and Guzman still owed $134,657.87 on the loan. (Compl. ¶¶ 1, 10j.[1]) On August 23, 2012, Estrada answered the complaint, stating that based on his records, he owed $10,479.54 on the loan, and that he was working with the mortgage company for a loan modification. (Answer ¶¶ 4-5.)

On October 12, 2012, BNY Mellon filed for judgment on the pleadings pursuant to Rule 12(c). Defendants have not responded or filed anything with the Court beyond Estrada's answer.

### Discussion

Rule 12(c) permits a party to move for judgment after the complaint and answer have been filed. *See* Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings is "designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice." *Cincinnati Ins. Co. v. Contemporary Distrib., Inc.*, No. 09 C 2250, 2010 WL 338943, at *2 (N.D. Ill. Jan. 26, 2010) (quoting *All Amer. Ins. Co. v. Broeren Russo Const., Inc.*, 112 F. Supp. 2d 723, 728 (C.D. Ill. 2001)). For the purposes of a Rule 12(c) motion, the pleadings consist of the complaint, answer, and any written documents attached as exhibits. *Hous. Auth. Risk Retention Grp. Inc. v. Chi. Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) (citing Fed. R. Civ. P. 12(c)).

---

[1] JPMorgan Chase, Rush-Copley Medical Center Inc., and Ford Motor Credit Company, LLC are joined as defendants because they have an interest in or lien on the mortgaged real estate that Plaintiff seeks to terminate. (Compl. ¶ 10.)

Courts review Rule 12(c) motions using the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6): the facts in the pleadings are viewed in the light most favorable to the nonmoving party, and the motion will be granted "only if it appears beyond doubt that the [nonmoving party] cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

Here, BNY Mellon contends that judgment on the pleadings is appropriate because Estrada's answer failed to deny the complaint's allegations and Defendants' application for a loan modification has been denied. But Estrada's answer states that, according to his records, he owes $10,479.54 on his home loan, not $134,657.87 as Plaintiff alleges in its complaint. (Answer ¶ 4; Compl. ¶ 10.) Additionally, Estrada's answer states that he has been trying to work with the mortgage company for a modification of his loan, not that a modification was denied. (Answer ¶ 5.) Thus, viewing the facts in the pleadings in the light most favorable to Defendants, it appears that material facts are in dispute and, therefore, that judgment on the pleadings pursuant to Rule 12(c) is not appropriate. Without a judgment, Plaintiff's motion to appoint a special commissioner is denied as moot.

### Conclusion

For these reasons, the Court denies Plaintiff's motion for judgment on the pleadings [11] and motion to appoint a special commissioner [12].

**SO ORDERED**                                              **ENTER:  7/22/13**

_____

**JOHN Z. LEE**
**U.S. District Judge**

3